UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. RUBANG, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED AIRLINES, INC., et al., <br><br> Defendants. | No. 2:18-cv-2352 MCE DB PS <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, Gonzalo R. Rubang, Jr., is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is defendant United Airlines, Inc.'s ("defendant") motion to dismiss. (ECF No. 9.)

For the reasons stated below the undersigned will recommend that defendant's motion to dismiss be granted and plaintiff's first amended complaint be dismissed without further leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on August 29, 2018, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) On October 26, 2018, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 3.) Plaintiff filed

1

a first amended complaint on November 5, 2018. (ECF No. 4.) Therein, it appears that plaintiff is alleging that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 209 ("FLSA"); committed fraud; wrongfully denied plaintiff disability retirement; lacked work rules and a contract. (First Am. Compl. (ECF No. 4) at 4-7.[1])

On February 27, 2019, defendant United Airlines Inc. filed a motion to dismiss the first amended complaint. (ECF No. 9.) Plaintiff filed a response to the motion to dismiss on March 25, 2019 (ECF No. 16), and an opposition on April 12, 2019. (ECF No. 17.) Defendant filed a reply on April 17, 2019 (ECF No. 18), and plaintiff filed a sur-reply on April 25, 2019. (ECF No. 19.)[2]

## STANDARD

**I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

---

[1] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The filing of a response to a motion to dismiss before filing an opposition and the filing a sur-reply are not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has considered plaintiff's response and sur-reply in evaluating defendant's motion.

United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I.   Defendant's Motion to Dismiss**

Defendant seeks dismissal of the first amended complaint because "as the prior complaint . . . [it is] bereft of legally actionable claims," "it seeks to relitigate claims that were . . . asserted by plaintiff in his three previous, unsuccessful cases, "and "is barred by the applicable statute of limitations." (Def.'s MTD (ECF No. 9-1) at 6.) Review of the first amended complaint finds that defendant's arguments are well taken.

**A. Failure to State a Claim**

Plaintiff has failed to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant

3

fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Plaintiff claims to have brought the instant case pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 209 ("FLSA"), but as in his initial complaint, plaintiff fails to explain how defendant violated FLSA. (Fist Am. Compl. (ECF No. 4) at 4.) Plaintiff also fails to clarify what specific provision or provisions of the FLSA plaintiff is alleging defendant violated, what action of the defendant constituted a violation, and when that violation occurred. See generally Landers v. Quality Communications, Inc., 771 F.3d 638, 644 (9th Cir. 2014) ("conclusory allegations that merely recite the statutory language are" not sufficient). For the purposes of Rule 8 of the Federal Rules of Civil Procedure, plaintiff has failed to state a claim for relief.

**B. Statute of Limitations**

Defendant argues that the instant action is time-barred because Plaintiff has failed to properly commence it within FLSA's statute of limitations. (Def.'s MTD (ECF No 9-1) at 9.) It appears that plaintiff is alleging that the FLSA violation occurred on August 16, 2008. (Am. Compl. (ECF No. 4) at 5 & 7.) However, the statute of limitations for FLSA claims is three years for willful violations or two years in all other instances. See 29 U.S.C. § 255(a); Flores v. City of San Gabriel, 824 F.3d 890, 895 (9th Cir. 2016).

While it appears that plaintiff is accusing defendant of acting intentionally, plaintiff's cause of action has been accruing for more than three years prior to the time the initial complaint was filed. Since the initial complaint was filed on August 29, 2018, all claims prior to August 29, 2015, would be barred by the statute of limitations. Thus, even if the amended complaint had properly alleged a FLSA claim, the statute of limitations for such a claim has long since run.

**C. The Doctrine of Res Judicata**

The doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United Sates v. Tohono O' Odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must accord a state judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered.

To determine whether a state court decision is preclusive, federal courts must refer to the preclusion rules of the relevant state. Miofsky v. Superior Court of California, 703 F.2d 332, 336 (9th Cir. 1983). Under California law, res judicata applies where the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1065 (1998) (quotation marks omitted).

The elements necessary to establish res judicata are: "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." Villacres v. ABM Indus., Inc., 189 Cal. App. 4th 562, 577 (2010).

**(1) The Prior Proceedings Resulted in Judgements on the Merits**

In order to be claim preclusive, a prior decision must have been on the merits. Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 797 (2010) (under California law, dismissal with prejudice is the equivalent of a final judgment on the merits and bars the entire cause of action). Here, plaintiff filed a first state court action litigating the claims at issue here, and that action was dismissed without leave to amend on a demurrer for failure to "state any facts sufficient to constitute a cause of action[.]" (Def.'s RJN (ECF No. 10-5) at 3.)

////

Plaintiff then filed a second state court action action that was dismissed without leave to amend on a res judicata based demurrer.³ (Def.'s RJN (ECF No. 10-10) at 5.) "[I]t is generally held that a demurrer which is sustained for failure of the facts alleged to establish a cause of action, is a judgment on the merits." Boyd v. Freeman, 18 Cal. App. 5th 847, 855 (2017).

The state court actions resulted in a decision on the merits. The complaints in those state court actions included claims of fraud, wrongful denial of disability retirement, lack of work rules and a contract. Because the state claims resulted in judgment on the merits, the first prong of the claim preclusion analysis is satisfied.

**(2) The Instant Case is on the Same Causes of Action as the Prior Proceedings**

"Unlike the federal courts, which apply a 'transactional nucleus of facts' test, California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." Brodheim v. Cry, 584 F.3d 1262 (9th Cir. 2009) (internal citations and quotation marks omitted). "Under this theory, 'a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.'" Id. (internal citations and quotation marks omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. (internal citations and quotation marks omitted).

In the relevant state court actions brought by plaintiff, and in the instant action, plaintiff alleges fraud, wrongful denial of disability retirement, lack of work rules and a contract. (Def. RJN (ECF Nos. 10-2, 10-8.) Plaintiff thus has claimed the same injuries and the same wrongs by

---

³ The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

defendants in the state court actions and this action. Accordingly, the undersigned finds that all of the causes of action plaintiff appears to be alleging in the instant case are the same as those brought in prior state actions.

### (3) The Parties are in Privity

Claim preclusion requires that the two suits involved be "between the same parties or parties in privity with them." [4] DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015) (quoting Mycogen Corp. v. Monsanto Co, 28 Cal. 4th 888, 896 (2002)). Defendant argues, and plaintiff does not counter, that the parties in the instant action and the state court actions are identical. (Def.'s MTD (ECF No. 9-1) at 9.)

Accordingly, the undersigned finds that because the claims here are identical to those already litigated to final judgement between parties in privity, res judicata applies to plaintiff's claims of fraud, wrongful denial of disability retirement, lack of work rules and a contract.

## II. Further Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Here, plaintiff is proceeding on a first amended complaint. As explained above, plaintiff's claims have been litigated and rejected in prior state court actions. These claims are not only barred by res judicata, but the statute of limitations. Because an expired statute of limitations and

---

[4] Defendant cites a third relevant state court action commenced by plaintiff against United Airlines Inc. which was not final at the time defendant's motion to dismiss was filed. (Def.'s MTD (ECF No. 9-1) at 9.)

res judicata would bar relief in any amended pleading, granting further leave to amend would be futile.  Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's February 27, 2019 motion to dismiss (ECF No. 9) be granted;

2. Plaintiff's November 5, 2018 first amended complaint (ECF No. 4) be dismissed without leave to amend; and

3. This action be closed.[5]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 29, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: am(6)
DB\orders\orders.pro se\rubang2352.mtd.f&rs

---

[5] Although individual defendants named in the amended complaint have not appeared in this action "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Department of Treasury of U. S. of America, 644 F.2d 1341, 1345 (9th Cir. 1981).  Here, the above analysis would equally apply to claims against the individual defendants.